IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALLEN WILLIAMS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:00CV00379 |
| | ) | |
| ALUMINUM COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM ORDER

Tilley, Chief Judge

This case is now before the Court over a dispute involving the terms of a settlement agreement between Plaintiff Allen Williams and Defendant Aluminum Company of America ("Alcoa"). For the reasons set forth below, Alcoa's Motion to Compel Enforcement of Settlement Agreement [Doc. # 155] is GRANTED.

I.

On September 26, 2005, a settlement conference was held between Plaintiff Allen Williams and Defendant Alcoa. During the conference, the two parties came to an agreement regarding the resolution of Mr. Williams' claims against Alcoa. In open court, both parties acknowledged that this agreement included a "release of all claims related to Mr. Williams' employment at Alcoa, both in this District and other districts." (Hearing Tr. 2-3, Sept. 26, 2005.) At the conclusion of the hearing, the Court announced: "I want to, before I go off the record here, I'm

finding this is a binding contract, that neither side is able to withdraw from any of the provisions that we talked about." (Id. at 14.) Both parties indicated that they understood and agreed with the Court's finding. (Id.)

In October of 2005, the parties entered into a written "Settlement Agreement and Release" memorializing the settlement that was reached on September 26, 2005. (See Settlement Agreement and Release [Doc. # 157].) The Settlement Agreement resolved all of Mr. Williams outstanding claims against Alcoa, (id. at 3), and further provided that:

> Plaintiff specifically recognizes that his execution of this agreement will forever extinguish his rights to proceed against Alcoa in any court or forum for damages, wages, expenses, costs, compensation or the like in connection with his employment with Alcoa and/or the subject matter of the lawsuits and/or OFCCP complaint and/or other informal complaints, grievances, charges and/or any additional allegations concerning or relating to Plaintiff's current or former employment with Alcoa including those both known and unknown to him as of the date of signing this agreement.

(Id. at 6.) The Settlement Agreement also provided that any dispute relating to its subject matter would be heard in the Middle District of North Carolina. (Id. at 5.) Mr. Williams was given twenty-one days to consider and sign the Settlement Agreement and seven days from the date of his signature to change his mind and revoke the Settlement Agreement. (Id. at 6-7.) Finally, above the signature line on the last page of the Settlement Agreement, the following language is printed in bold letters: "Please read carefully, this Settlement Agreement and Release includes a release of all known and unknown claims including those arising under

2

federal and state laws prohibiting discrimination in employment." (Id. at 7.)

On January 24, 2006, Mr. Williams filed a Charge of Discrimination with the EEOC claiming that Alcoa had retaliated against him for filing a previous charge of discrimination by failing "to take funds out of the settlement check to avoid paying matching funds toward my 401k."[1] (Def.'s Mem. Supp. Mot. Compel, Ex. 2.) On March 13, 2006, Alcoa filed a Motion to Compel Enforcement of Settlement Agreement [Doc. # 155]. Mr. Williams filed his Response on May 9, 2006 [Doc. # 178] and Alcoa filed its Reply on May 24, 2006 [Doc. # 180].

II.

Since the filing of Alcoa's Motion to Compel, Mr. Williams has withdrawn all of his pending claims against Alcoa. (Pl.'s Resp. 2.) He now agrees that any dispute over the terms of the Settlement Agreement should be pursued in the Middle District of North Carolina. (Id.) However, Mr. Williams continues to maintain that Alcoa was required to make a contribution to his 401(k) Retirement Plan under the terms of the Settlement Agreement. Specifically, he claims that "Alcoa's 'Saving Plan for Bargaining Employees' required that Alcoa match a portion of Plaintiff's earnings up to six percent of Plaintiff's earnings for the 401(k) Plan and that included the funds from the settlement that Plaintiff received as a result of the Agreement." (Id.) Thus, Mr. Williams contends that Alcoa breached

---

[1] In the Charge of Discrimination, Mr. Williams also alleged that Alcoa failed to provide him with health insurance. However, the parties have since resolved this issue. (See Def.'s Mem. Supp. Mot. Compel 3, n.2; Pl.'s Resp. 3.)

3

the Settlement Agreement when it (1) failed to deposit a portion of his settlement proceeds into his 401(k) Plan and (2) then failed to make a corresponding "matching" contribution to his 401(k) Plan. In support of this claim, Mr. Williams notes that the funds he received pursuant to the Settlement Agreement "have been treated the same as all wages and benefits Plaintiff has received while working for Defendant" and that Alcoa previously provided matching funds for a certain percentage of any amount he contributed to his 401(k) Plan. (Id. at 3.) However, Alcoa contends that it was under no obligation to "match" any of Mr. Williams settlement proceeds because (1) under the Settlement Agreement, it did not agree to pay Mr. Williams a "matching contribution" and (2) under the terms of the 401(k) Plan, Mr. Williams' settlement proceeds do not qualify as "eligible compensation." (Def.'s Reply 4.)

"Trial courts possess the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing." Petty v. Timken Corp., 849 F.2d 130, 132 (4th Cir. 1988) (citation omitted). Because a settlement agreement is a contract, its interpretation is governed by principles of contract law. ABD Associated, Ltd. P'ship v. Am. Tobacco Co., 2004 WL 1554155, at *3 (M.D.N.C. July 8, 2004) (citing Chappell v. Roth, 548 S.E.2d 499, 500 (N.C. 2001)). Mr. Williams contends that the Settlement Agreement requires Alcoa to deposit a portion of his settlement proceeds into his 401(k) Plan and to match a certain percentage of those funds.

4

Alcoa, on the other hand, asserts that the Agreement does not contain any such requirement. Therefore, the issue in this case is whether the Settlement Agreement contains ambiguous terms as to this issue.

Where the language of a contract is clear and unambiguous, the court may interpret it as a matter of law. Piedmont Bank & Trust Co. v. Stevenson, 339 S.E.2d 49, 52 (N.C. Ct. App. 1985) (citations omitted). In this instance, the court may not look beyond the "four corners" of the contract to determine the intentions of the parties. Id. However, where the language of a contract is ambiguous and the intention of the parties is unclear, reference to extrinsic evidence is necessary. Id. Language in a contract is ambiguous if it is "fairly and reasonably susceptible to either of the constructions asserted by the parties." Glover v. First Union Nat'l Bank of N.C., 428 S.E.2d 206, 209 (N.C. Ct. App. 1993); see also Crawford v. Potter, 2005 WL 2452092, at *4 (M.D.N.C. Oct. 4, 2005) ("Ambiguity is not created merely by a difference of opinion between the parties on the issue of what certain terms mean.") (citing Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co., 172 S.E.2d 518, 522 (N.C. 1970)). In determining whether language is ambiguous, "words are to be given their usual and ordinary meaning and all the terms of the agreement are to be reconciled if possible." Anderson v. Anderson, 550 S.E.2d 266, 269-70 (N.C. Ct. App. 2001) (citation omitted).

The Settlement Agreement clearly describes the payments that Alcoa is to make to Mr. Williams. (See Settlement Agreement 4.) Specifically, the Settlement

5

Agreement provides for three separate payments: (1) a lump sum payment to Mr. Williams designated as "compensation for emotional distress, pain, and suffering" and not subject to wage withholdings; (2) a lump sum payment to Mr. Williams designated as "compensation for lost wages" and subject to federal, state, and local wage withholdings; and (3) a lump sum payment to Mr. Williams and his attorney designated as attorneys fees and other related costs. (Id.) After describing these payments, the Settlement Agreement notes:

> The payments detailed in Paragraph 3 constitute full, final, and complete settlement of all Plaintiff's claims for damages and attorneys' fees made in the aforementioned Lawsuits against Alcoa and/or in any way relating to his employment with Alcoa and/or the OFCCP Complaint, other informal complaints, grievances (filed by him, on his behalf, or in which he otherwise seeks relief), charges, and/or any additional allegations concerning or relating to Plaintiff's current or former employment with Alcoa including, but not limited to, any claims made for lost wages, compensatory damages, lost benefits, physical pain and suffering, injunctive relief, emotional distress, humiliation, mental anguish, medical costs, punitive damages, attorneys' fees, expenses, and costs.

(Id.) The Settlement Agreement further explains that it constitutes the "entire agreement between Plaintiff and Alcoa, and fully supersedes any and all prior agreements and understandings between Plaintiff and Alcoa pertaining to the subject matter hereof." (Id. at 6.)

There is no ambiguity to the Settlement Agreement. It provides for three separate payments to Mr. Williams and his attorney and specifically notes that these payments are the "full, final, and complete settlement of all Plaintiff's claims." (Id. at 4.) The Settlement Agreement also indicates that only one of

6

these payments is subject to federal, state, and local withholdings.  (Id.)  Nowhere in the Settlement Agreement is there any provision for the deposit of settlement proceeds into Mr. Williams' 401(k) Plan or the payment of any matching contribution by Alcoa.  Moreover, when Mr. Williams signed the Settlement Agreement he specifically agreed that the terms set forth in the written Settlement Agreement constituted the complete and final version of the settlement between Mr. Williams and Alcoa.  See Petty, 849 F.2d at 133 (affirming district court's enforcement of a settlement agreement because "judicial economy commands that a party be held to the terms of a voluntary agreement").  Therefore, under the terms of the Settlement Agreement, Alcoa is not required to deposit any of the settlement funds, or to make any matching contribution, to Mr. Williams' 401(k) Plan.

III.

For the foregoing reasons, Defendant Alcoa's Motion to Compel Enforcement of Settlement Agreement [Doc. # 155] is GRANTED.

This the day of July 15, 2006

   /s/ N. Carlton Tilley, Jr.
United States District Judge

7